```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                         CHARLESTON
```

REBECCA TOMEY,
on behalf on A.F.,

    Plaintiff,

v.                                    CASE NO. 2:10-cv-00873

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.


**PROPOSED FINDINGS AND RECOMMENDATION**

This is an action seeking review of the final decision of the Commissioner of Social Security denying the Claimant's application for children's Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. This case was referred to this United States Magistrate Judge by standing order to consider the pleadings and evidence, and to submit proposed findings of fact and recommendation for disposition, all pursuant to 28 U.S.C. § 636(b)(1)(B). Presently pending before the court is Plaintiff's Motion to Remand for New and Material Evidence. Plaintiff also filed a Motion for Summary Judgment, and Defendant filed a brief in support of judgment on the pleadings.[1]

---

[1] The court reminds the parties that pursuant to Local Rule of Civil Procedure 9.4(a), the parties need not file motions in support of judgment on the pleadings or motions for summary judgment. Instead, Plaintiff should file "a brief in support of the complaint," while Defendant files "a brief in support of the defendant's decision." Local Rules of the United States District Court for the Southern District of West Virginia, Local Rule of Civil Procedure 9.4(a).

Plaintiff, Austin Tyler Fraley (hereinafter referred to as "Claimant"), through his mother, Rebecca Woodson, filed an application for child's SSI benefits on September 12, 2006, alleging disability as of September 1, 2004, due to attention deficit disorder with obsessive compulsive disorder. (Tr. at 11, 137.) The claim was denied initially and upon reconsideration. (Tr. at 11.) Claimant requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 97.) The hearing was held on April 2, 2008, before the Honorable George A. Mills III. (Tr. at 28-82.) By decision dated June 9, 2008, the ALJ determined that Claimant was not entitled to benefits. (Tr. at 11-27.) Claimant submitted new evidence to the Appeals Council, some of which was accepted and some of which was returned by the Appeals Council because it did not relate to the time period before the ALJ. On May 14, 2010, the Appeals Council considered the new evidence it accepted and determined it did not provide a basis for changing the ALJ's decision. (Tr. at 1-5.) On June 29, 2010, Claimant brought the present action seeking judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g).

A child is disabled under the Social Security Act if he or she "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12

months." 42 U.S.C. § 1382c(a)(3)(C)(i). Under the regulations in force during all times relevant to Claimant's claim, the ALJ must determine whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b) (2008). If the child is, he or she is found not disabled. Id. § 416.924(a). If the child is not, the second inquiry is whether the child has a severe impairment. Id. § 416.924(c). An impairment is not severe if it constitutes a "slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations." Id. If a severe impairment is present, the third and final inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. Id. § 416.924(d). If the claimant's impairment meets or functionally equals the requirements of Appendix 1, the claimant is found disabled and is awarded benefits. Id. § 416.924(d)(1). If it does not, the claimant is found not disabled. Id. § 416.924(d)(2).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity since the alleged onset date. (Tr. at 14.) Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of attention deficit/hyperactivity disorder and oppositional defiant disorder. (Tr. at 14.) At the third and final inquiry, the ALJ concluded that Claimant's

impairments do not meet or equal the level of severity of any listing in Appendix 1. (Tr. at 14-27.)

Motion to Remand

The court will turn first to Plaintiff's Motion to Remand for New and Material Evidence. Claimant has moved this court, pursuant to the sixth sentence of 42 U.S.C. § 405(g), to remand his claim to the administrative level for consideration of new evidence.

In considering Claimant's motion to remand, the court notes initially that the social security regulations allow two types of remand. Under the fourth sentence of 42 U.S.C. § 405(g), the court has the general power to affirm, modify or reverse the decision of the Commissioner, with or without remanding the cause for rehearing for further development of the evidence. 42 U.S.C. § 405(g); Melkonyan v. Sullivan, 501 U.S. 89, 97 (1991). Where there is new medical evidence, the court may remand under the sixth sentence of 42 U.S.C. § 405(g) based upon a finding that the new evidence is material and that good cause exists for the failure to previously offer the evidence. 42 U.S.C. § 405(g); Melkonyan, 501 U.S. at 97. The Supreme Court has explicitly stated that these are the only kinds of remand permitted under the statute. Melkonyan, 501 U.S. at 98.

In order to justify a remand to consider newly submitted medical evidence, the evidence must meet the requirements of 42 U.S.C. § 405(g) and Borders v. Heckler, 777 F.2d 954, 955 (4th Cir.

1985).[2] In Borders, the Fourth Circuit held that newly discovered evidence may warrant a remand to the Commissioner if four prerequisites are met: (1) the evidence is relevant to the determination of disability at the time the application was first filed and not simply cumulative; (2) the evidence is material to the extent that the Commissioner's decision "might reasonably have been different" had the new evidence been before him; (3) there is good cause for the claimant's failure to submit the evidence when the claim was before the Commissioner; and (4) the claimant has presented to the remanding court "at least a general showing of the nature" of the newly discovered evidence. Id.

Plaintiff acknowledges in his Motion to Remand that when he offered new evidence to the Appeals Council, the Appeals Council returned most of it because it was dated in 2009, well after the

---

[2] Within relevant case law, there is some disagreement as to whether 42 U.S.C. § 405(g) or the opinion in Borders provides the proper test in this circuit for remand of cases involving new evidence. This court will apply the standard set forth in Borders in accordance with the reasoning previously expressed in this district:

> The court in Wilkins v. Secretary of Dep't of Health & Human Servs., 925 F.2d 769 (4th Cir. 1991), suggested that the more stringent Borders four-part inquiry is superseded by the standard in 42 U.S.C. 405(g). The standard in § 405(g) allows for remand where "there is new evidence which is material and . . . there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." However, Borders has not been expressly overruled. Further, the Supreme Court of the United States has not suggested that Borders' construction of § 405(g) is incorrect. Given the uncertainty as to the contours of the applicable test, the Court will apply the more stringent Borders inquiry.

Brock v. Secretary, Health and Human Servs., 807 F. Supp. 1248, 1250 n.3 (S.D.W. Va. 1992) (citations omitted).

ALJ's decision on June 9, 2008. However, Claimant represents that at the time he submitted the new evidence to the Appeals Council, he had not received records from two hospitalizations in 2008, one in September of 2008, and a second, lasting over a month in October of 2008. Claimant asserts that he meets the requirements above and, as a result, this matter should be remanded. Plaintiff asks that the matter be remanded and that the court order expert witness testimony from a mental health professional well versed in mental illnesses of childhood. (Pl.'s Br. at 16.)

The Commissioner addresses the evidence submitted to the Appeals Council (Def.'s Br. at 18-19), but does not address Plaintiff's Motion to Remand or the new evidence attached thereto.

The court proposes that the presiding District Judge find that this matter should be remanded based on the submission of new and material evidence. The new evidence consists of medical records from Highland Hospital and other evidence of psychiatric treatment dated 2008-2010. Of particular relevance, Claimant was hospitalized from September 8, 2008, through September 15, 2008, at Highland Hospital. His diagnoses included personality change due to seizure disorder, disinhibited aggressive type and attention deficit hyperactivity disorder ("ADHD") on Axis I. There was no Axis II diagnosis. His GAF was 30 on admission and 50 on discharge. (ECF # 15-2, p. 1-2.) Claimant was "too quiet, withdrawn and timid. His attention and concentration were very

6

poor. He was easily distracted and did require frequent redirection." (ECF # 15-2, p. 2.)

Claimant also was hospitalized at Highland Hospital from October 6, 2008, through November 18, 2008. He was diagnosed with conduct disorder, childhood onset, moderate, ADHD and oppositional defiant disorder on Axis I. There was no Axis II diagnosis. Claimant's GAF on discharge was 55-60. Claimant's behavior was very poor thorough most of his treatment. At discharge, John P. Hutton, M.D. wrote that Claimant "needs residential care." (ECF # 15-2, p. 4.)

The remaining evidence, dated in 2009 and 2010, includes evidence of additional hospitalizations at Highland Hospital from January 31, 2009 to February 8, 2009, and April 22, 2010 to June 10, 2010, a psychological evaluation from Highland Hospital dated May 27, 2010, an initial psychiatric evaluation from Compass Intervention Center dated February 8, 2009 and other evidence from Compass Intervention Center dated February through May of 2009. (ECF ## 15-2, 15-3, 15-4.)

The court proposes that the presiding District Judge find that the evidence is relevant to the determination of disability at the time the application was first filed and not simply cumulative. The evidence of Claimant's hospitalizations in September and October of 2008, is new evidence that did not exist at the time the ALJ made his decision. Instead, Claimant was hospitalized more

than once within months of the ALJ's decision and before the Appeals Council's denial. Such evidence therefore is relevant and not simply cumulative.

The court further proposes that the presiding District Judge find that the evidence is material to the extent that the Commissioner's decision "might reasonably have been different" had the new evidence been before him. In his decision, the ALJ found that Claimant had less than marked limitations in interacting and relating with others and in attending and completing tasks. (Tr. at 19-23.) During Claimant's hospitalization almost three months after the ALJ's decision, Claimant was "too quiet and withdrawn and timid" and his attention and concentration were "very poor." (ECF # 15-2, p. 2.) Claimant was "somewhat detached from others" and "did not initiate interaction" but also argued with a peer. (ECF # 15-2, p. 2.) At his hospitalization from October 6, 2008, through November 18, 2008, Claimant taunted and teased his peers and was "obnoxious, inconsiderate and cruel." (ECF # 15-2, p. 4.) Claimant also had "some attention issues ... and at times would look bewildered." (ECF # 15-2, p. 4.) Dr. Hutton ultimately determined that Claimant required treatment in a residential program. The additional treatment notes that follow show evidence of such treatment, and, while they significantly postdate the ALJ's decision, they continue to show significant psychological problems in Claimant.

Had the ALJ been aware of Claimant's hospitalizations within months of his decision, the severity of his condition and the seriousness of his diagnoses, it is entirely possible that his findings in the domains of interacting and relating with others and in attending and completing tasks would have been different.

The court proposes that the presiding District Judge find that there is good cause for the Claimant's failure to submit the evidence when the claim was before the Commissioner. Claimant could not have submitted the evidence to the ALJ because it postdates the decision by a few months. Claimant explains that he submitted to the Appeals Council, records from Highland Hospital dated January 13, 2009, to February 8, 2009 that were returned by the Appeals Council. (ECF # 16, p. 4.) After the decision of the Appeals Council on May 14, 2010, Claimant made "further inquiries" to Highland Hospital, and Highland Hospital produced records of the two hospitalizations in 2008. Claimant had attempted to obtain all relevant evidence from Highland Hospital to submit to the Commissioner, but for whatever reason, evidence dated within three months of the ALJ's decision was not provided to Claimant in a timely manner so that it could be submitted to the Appeals Council. Claimant has shown good cause for his failure to submit the evidence to the ALJ or the Commissioner.

Finally, the court proposes that the presiding District Judge find that Claimant has presented to the remanding court "at least

a general showing of the nature" of the newly discovered evidence. Claimant has provided the report of Claimant's hospitalizations in September and October of 2008, as well as the other evidence cited above.

Based on the above, the court proposes that the presiding District Judge grant Plaintiff's Motion to Remand insofar as Claimant requests remand, but deny Claimant's request that the court order the Commissioner to call a medical expert. The court further proposes that the presiding District Judge deny without prejudice, Plaintiff's Motion for Summary Judgment, as the court makes no recommendation about whether the Commissioner's decision is supported by substantial evidence.

For the reasons set forth above, it is hereby respectfully RECOMMENDED that the presiding District Judge DENY Plaintiff's Motion for Summary Judgment without prejudice, GRANT in part and DENY in part Plaintiff's Motion to Remand for New and Material Evidence, REVERSE the final decision of the Commissioner, and REMAND this case for further proceedings pursuant to the sixth sentence of 42 U.S.C. § 405(g)and DISMISS this matter from the court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby FILED, and a copy will be submitted to the Honorable John T. Copenhaver, Jr. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d)

and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

    March 16, 2011
        Date

                              Mary E. Stanley
                              United States Magistrate Judge